UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2019 OCT -3 PM 12: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHU THANH HUYNH,<br><br>Defendant | Criminal No. 19-30040-MGM<br><br>Violations:<br><br>Count One: Conspiracy<br>(18 U.S.C. § 371)<br><br>Count Two: Immigration Fraud<br>(18 U.S.C. § 1546(a))<br><br>Count Three: False Statements<br>(18 U.S.C. § 1001(a)(2))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(6)(A)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant PHU THANH HUYNH was a naturalized citizen of the United States residing in Springfield, Massachusetts until approximately 2016 and residing thereafter in South Carolina.

2. JANE DOE ("DOE"), a coconspirator known to the Grand Jury, was a Vietnamese national.

3. The United States Citizenship and Immigration Services ("CIS") is a Government agency that administers the nation's lawful immigration system. CIS reviews and makes decisions on applications and petitions for visas and other immigration benefits such as conditional permanent residence, permanent residence, and citizenship.

1

4. On or about September 11, 2012, DOE entered the United States on a J-1 non-immigrant visa.

5. On or about September 28, 2013, HUYNH married DOE in a civil ceremony in Springfield. As both HUYNH and DOE knew, this marriage was not a legitimate marriage, but a sham marriage entered into solely for the purpose of obtaining for DOE immigration benefits to which she was not otherwise entitled. After their marriage, HUYNH and DOE never lived together.

6. In or about late 2013 or early 2014, a coconspirator known to the Grand Jury paid HUYNH $20,000 in cash for engaging in the sham marriage to DOE.

7. On or about November 7, 2013, HUYNH filed with CIS a Form I-130 (Petition For Alien Relative) on behalf of DOE, which sought to classify her as his spouse for immigration purposes (the "Spousal Petition"). The Spousal Petition falsely stated that DOE had lived with HUYNH since September 2013 at 234 Allen Street in Springfield. ("234 Allen Street").

8. Also on or about November 7, 2013, DOE filed with CIS a Form I-485 (Application To Register Permanent Residence Or Adjust Status) based upon her marriage to HUYNH (the "Application"). The Application falsely listed DOE's residence as 234 Allen Street.

9. On January 24, 2014, HUYNH and DOE appeared at the CIS office in Lawrence, Massachusetts for an interview concerning their pending Spousal Petition and Application. During this interview, HUYNH and DOE falsely confirmed their marriage and stated that their marital address was 234 Allen Street.

10. On January 24, 2014, CIS approved HUYNH's Spousal Petition and granted DOE conditional permanent residence status.

11. On January 5, 2016, HUYNH and DOE jointly filed a Form I-751 (Petition To Remove Conditions On Residence) that they had executed under penalties of perjury on December 23, 2015 (the "Permanent Residence Petition"). The Petition falsely stated the following: (1) DOE's physical address was 234 Allen Street; (2) DOE had not resided at any other address since she became a permanent resident; (3) no fee was paid in connection with the Petition (other than to an attorney); and (4) their marriage was not entered into for the purpose of procuring an immigration benefit.

12. On February 21, 2017, CIS approved the Permanent Residence Petition without an interview, granting DOE permanent residence status.

13. On May 3, 2017, a CIS Officer interviewed HUYNH at the CIS office in Lawrence. After being sworn orally to provide truthful information under the penalties of perjury, HUYNH falsely stated among other things:

    a. He met DOE in 2011 at Six Flags;

    b. After moving to South Carolina in 2016, he stayed with DOE in Springfield for one week in early April 2017; and

    c. He spoke on the phone or texted with DOE almost every day.

### The Object of the Conspiracy

14. The object of the conspiracy was to obtain for DOE immigration benefits to which she was not otherwise entitled, such as conditional permanent residence status and permanent residence status, based upon DOE's purported lawful marriage to HUYNH.

### The Manner and Means of the Conspiracy

15. The manner and means by which the conspirators accomplished and attempted to

accomplish the goals and objectives of the conspiracy, included, but were not limited to, the following:

    a.    Submitting false immigration forms to CIS; and

    b.    Making false statements during interviews with CIS officials.

<u>Acts in Furtherance of the Conspiracy</u>

16.    Set forth below are examples of acts that HUYNH, DOE, and other coconspirators known to the Grand Jury took, and caused to be taken, in furtherance of the conspiracy:

    a.    On or about September 28, 2013, HUYNH married DOE in a civil ceremony in Springfield solely for the purpose of obtaining for DOE immigration benefits to which she was not otherwise entitled.

    b.    In or about late 2013 or early 2014, a coconspirator known to the Grand Jury paid HUYNH $20,000 in cash for engaging in the sham marriage to DOE.

    c.    On or about November 7, 2013, HUYNH filed with CIS the Spousal Petition to classify DOE as his spouse for immigration purposes, falsely stating that DOE had lived with HUYNH at 234 Allen Street since September 2013.

    d.    On or about January 24, 2014, HUYNH falsely informed a CIS officer that his marital address with DOE was 234 Allen Street.

    e.    On or about January 5, 2016, HUYNH and DOE jointly filed the Permanent Residence Petition, falsely stating (1) DOE's physical address was 234 Allen Street; (2) DOE had not resided at any other address since she became a permanent resident; (3) no fee was paid in connection with the petition (other than to an attorney); and (4) their marriage was not entered into for the purpose of procuring

an immigration benefit.

f.     On or about May 3, 2017, in Lawrence, HUYNH falsely stated to a CIS Officer that:

    i.     He met DOE in 2011 at Six Flags;

    ii.    After moving to South Carolina in 2016, he stayed with DOE in Springfield for one week in early April 2017; and

    iii.   He spoke on the phone or texted with DOE almost every day.

### COUNT ONE
Conspiracy
(18 U.S.C. § 371)

The Grand Jury charges:

17. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16 of this Indictment.

18. Between on or about September 28, 2013 and May 3, 2017, in the District of Massachusetts and elsewhere, the defendant,

PHU THANH HUYNH,

did knowingly and willfully conspire with others known to the Grand Jury to commit the following offenses against the United States: (1) to knowingly make under oath, and as permitted under penalty of perjury under Title 28, United States Code, Section 1746, knowingly subscribe as true, a false statement with respect to a material fact in an affidavit required by the immigration laws and regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1546(a); and (2) to knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001(a)(2).

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## Immigration Fraud
## (18 U.S.C. § 1546(a))

The Grand Jury further charges:

19. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16 of this Indictment.

20. On or about December 23, 2015, in Hampden County, in the District of Massachusetts and elsewhere, the defendant,

## PHU THANH HUYNH,

did knowingly make under oath, and as permitted under penalty of perjury under Title 28, United States Code, Section 1746, knowingly subscribe as true, a false statement with respect to a material fact in an affidavit required by the immigration laws and regulations prescribed thereunder, including, but not limited to, Title 8, United States Code, Section 1186, to wit, a Form I-751 (Petition To Remove Conditions On Residence), falsely stating that: (1) DOE lived with him at 234 Allen Street; (2) DOE had not resided at any other address since she became a permanent resident; (3) no fee was paid in connection with the petition (other than to an attorney); and (4) their marriage was not entered into for the purpose of procuring an immigration benefit; when in fact, DOE never lived with him at 234 Allen Street or elsewhere, their marriage was entered into for the sole purpose of procuring immigration benefits for DOE, and HUYNH received payment for entering into the marriage for this purpose.

All in violation of Title 18, United States Code, Section 1546(a).

7

## COUNT THREE
## False Statements
## (18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

21. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16 of this Indictment.

22. On or about May 3, 2017, in the District of Massachusetts and elsewhere, the defendant,

## PHU THANH HUYNH,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, defendant falsely stated to a CIS Officer that: (1) he met DOE in 2011 at Six Flags; (2) after moving to South Carolina in 2016, he stayed with DOE in Springfield for one week in early April 2017; and (3) he spoke on the phone or texted with DOE almost every day.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(6)(A))

The Grand Jury further finds:

23.  Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 1546(a), set forth in Counts One and Two of this Indictment, the defendant,

### PHU THANH HUYNH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A), (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense(s); and (ii) any property, real or personal, which constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense(s), or which is used to facilitate, or is intended to be used to facilitate, the commission of the offense(s). The property to be forfeited includes, but is not limited to, the following asset:

    a.  $20,000 in United States currency, to be entered in the form of a forfeiture money judgment.

24.  If any of the property described in Paragraph 24, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(6)(A), as a result of any act or omission of the defendant –

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

 All pursuant to Title 18, United States Code, Section 982(a)(6)(A).

A TRUE BILL

_____
FOREPERSON

_____
STEVEN H. BRESLOW
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 3, 2019 at 11:26 a.m.
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

11